# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **OPENPRINT LLC,**<br><br>　　Plaintiff**,**<br><br>v.<br><br>**KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC.,**<br><br>　　Defendant. | **CIVIL ACTION NO: 2:17-cv-682**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

This is an action for patent infringement in which OpenPrint LLC ("OpenPrint") makes the following allegations against Oki Data Americas, Inc., ("Defendant"):

## PARTIES

1.　　OpenPrint LLC is a Texas limited liability company with a principle place of business located at 5068 W. Plano Parkway, Suite 300, Plano, TX 75093.

2.　　Konica Minolta Business Solutions U.S.A., is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 100 Williams Drive, Ramsey, New Jersey, 07446. Defendant may be served via its registered agent: Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

## JURISDICTION AND VENUE

3.　　This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 271(b), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.　　Venue is proper in this district pursuant to 28 U.S.C. § 1400(b). For example, Defendant has a regular and established place of business at 3800 Paluxy Drive, Suite 410, Tyler, TX 75703.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**THE OPENPRINT PATENTS**

6. On November 4, 2008, United States Patent No. 7,446,906 (the "'906 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Facsimile to E-Mail Communication System with Local Interface." A true and correct copy of the '906 Patent is attached hereto as Exhibit A.

7. On January 27, 2015, United States Patent No. 8,941,888 (the "'888 Patent") duly and legally issued by the United States Patent and Trademark Office for an invention titled "Facsimile to E-Mail Communication System with Local Interface." A true and correct copy of the '888 Patent is attached hereto as Exhibit B.

8. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287 with regards to the Asserted Patents, OpenPrint has complied with such requirements.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,446,906**

9. Defendant directly or through its intermediaries has been and is now infringing claims 1, 2, 3, 4, 10, and 12 of the '906 patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, selling and/or offering for sale products and/or systems (*i.e.,* the Bizhub c554e and similar multifunction products (the "Accused Instrumentalities")), covered by

one or more claims of the '906 Patent to the injury of OpenPrint. Defendant is directly infringing, literally infringing, and/or infringing the '906 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '906 Patent pursuant to 35 U.S.C. § 271(a).

10. Defendant, its resellers, and end-users infringe claims 1, 2, 3, 4, and 10 of the '906 patent when they place the Accused Instrumentalities into operation.

11. Defendant, its resellers, and end-user customers infringe claim 1 of the '906 Patent when they place the Accused Instrumentalities into operation. The Accused Instrumentalities perform a method of communicating information by a facsimile/e-mail server system, the method comprising the steps of: a) receiving an electronic mail address from an interface device (*i.e.*, the user enters a destination email address); b) receiving facsimile information from a scanning portion of a facsimile machine (*i.e.*, it receives a digital image from the scanner portion"); c) converting the received facsimile information into a computer readable image file (*i.e.*, the digital image is converted into a PDF, TIFF, JPEG file); d) composing an e-mail message with the computer readable image file as an attachment (*i.e.*, an email message is created with a PDF, TIFF, JPEG file as an attachment); e) transmitting the composed e-mail message to an electronic mail server associated with the received electronic mail address (*i.e.*, the email message is transmitted to the mail server associated with the entered email address); f) receiving a report request from a user; g) generating a report based upon the received report request; and h) outputting the generated report (*i.e.*, the user can request a fax report which is generated). *See* Exhibit A-1, Figs. 1-12.

12. Defendant, its resellers, and end-user customers infringe claim 2 of the '906 Patent when they place the Accused Instrumentalities into operation. The user introduces a hardcopy document into the scanning portion of the facsimile machine (*i.e.*, by placing the document on the scanner or into the auto-document feeder). *See* Exhibit A-1, Figs. 1-12.

13.     Defendant, its resellers, and end-user customers infringe claim 3 of the '906 Patent when they place the Accused Instrumentalities into operation. The user enters an email address via the touchscreen or keypad. *See* Exhibit A-1, Figs. 6.

14.     Defendant, its resellers, and end-user customers infringe claim 4 of the '906 Patent when they place the Accused Instrumentalities into operation. The user enters an email address via the touchscreen or keypad. *See* Exhibit A-1, Fig. 6.

15.     Defendant, its resellers, and end-user customers infringe claim 10 of the '906 Patent when they place the Accused Instrumentalities into operation. The Accused Instrumentalities provides a confirmation to the user that the facsimile information was sent and the address to which it was sent. *See* Exhibit A-1, Fig. 9, 11.

16.     The Accused Instrumentalities infringe claim 12 of the '906 Patent. They are a facsimile/e-mail server system, comprising: a) a communication interface capable of receiving an electronic mail address from a facsimile interface device and of receiving facsimile information from a scanning portion of a facsimile machine (*e.g.*, it receives an email address from an interface device such as a touchpad/keypad and it receives facsimile information from the scanner portion); b) a system processor comprising one or more processing elements, wherein the system processor is in communication with the communication interface and is programmed or adapted to: i) receive an electronic mail address via the communication interface (*e.g.*, the received mail address is passed to the processor via the communications interface); ii) receiving facsimile information via the communication interface (*e.g.*, the received facsimile information is passed to the processor via the communications interface); iii) converting the received facsimile information into a computer readable image file (*e.g.*, the processor converts the received facsimile information into a PDF, TIFF, JPEG file); iv) composing an e-mail message with the computer readable image file

as an attachment (*e.g.*, an email is composed with the scanned file as an attachment); v) transmitting the composed e-mail message to an electronic mail server associated with the received electronic mail address (*e.g.*, the e-mail message is sent to an e-mail server associated with the received email address); vi) receiving a report request from a user; vii) generating a report based upon the received report request; and viii) outputting the generated report (*e.g.*, a user can request a Fax Report which is then generated and output). *See* Exhibit A-1, Figs. 1-12.

17.     As a result of Defendant's infringement of the '906 Patent, OpenPrint has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,941,888

18.     Defendant has been and is now infringing claims 1, 2, 8, and 9 of the '888 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, providing, selling and/or offering for sale products and/or systems (*i.e.*, the Accused Instrumentalities), covered by one or more claims of the '888 Patent to the injury of OpenPrint. Defendant is directly infringing, literally infringing, and/or infringing the '888 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '888 Patent pursuant to 35 U.S.C. § 271(a).

19.     The Accused Instrumentalities infringe claim 1 of the '888 Patent. They are a communications apparatus, comprising: a facsimile component configured to generate facsimile information by scanning an image from a hard copy of a document (*i.e.*, the fax portion scans hard copies of documents); a user interface configured to receive an e-mail address from a user (*i.e.*, a touch pad or keypad); a facsimile-to-e-mail gateway comprising a facsimile-to-e-mail component

configured to—in a first mode, convert the facsimile information into a computer readable image file (*e.g.*, a PDF, TIFF, JPEG file), attach the computer readable image file to an e-mail message, and transmit the e-mail message without additional user input to the received e-mail address, wherein the e-mail address is received in and interpreted from alphanumeric form (*e.g.*, the PDF, TIFF, JPEG file is attached to the email and sent to the email address entered); and in a second mode, transmit a facsimile device compatible file to a remote facsimile device (*i.e.*, a facsimile transmission); and a housing configured to carry the user interface.  *See* Exhibit B-1, Figs. 1-13.

20. The Accused Instrumentalities infringe claim 2 of the '888 Patent.  They include a facsimile component is configured to transmit the facsimile information via a first communications network (*i.e.*, a telephone network); and the facsimile-to-e-mail component is configured to transmit the e-mail message via a second communications network different than the first communications network (*i.e.*, the internet).  *See* Exhibit B-1, Figs1-13.

21. The Accused Instrumentalities infringe claim 8 of the '888 Patent.  The Accused Instrumentalities include an alphanumeric keypad.  *See* Exhibit B-1, 5 and 11.

22. The Accused Instrumentalities infringe claim 9 of the '888 Patent.  The Accused Instrumentalities attach a TIFF format image file to an e-mail.  *See* Exhibit B-1, Fig. 13.

23. As a result of Defendant's infringement of the '888 Patent, OpenPrint has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.

## COUNT III
## INDUCED INFRINGEMENT U.S. PATENT NO. 7,446,906

24. Upon information and belief, Defendant has been and is now inducing the infringement by its resellers and end-use customers of claims 1, 2, 3, 4, and 10 of the '906 Patent

in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale the Accused Instrumentalities to the injury of Plaintiff. Defendant's resellers and end-use customers are directly infringing, literally infringing, and/or infringing the '906 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '906 Patent pursuant to 35 U.S.C. § 271(b).

25. As shown above, Defendant have and continue to indirectly infringe the '906 Patent by inducing the infringement by its end-users and resellers of claims 1, 2, 3, 4, and 10 of the '906 Patent in accordance with 35 U.S.C. 271(b).

26. As shown above, Defendant, its resellers, distributors, and end-users of the Accused Instrumentalities have engaged in and currently engage in activities that constitute direct infringement of claims 1, 2, 3, 4, and 10 of the '906 Patent.

27. As shown above, the operation and use of the by Defendant, its resellers, or end-user customers of the Accused Instrumentalities constitute a direct infringement of claims.

28. Defendant's affirmative act of selling and/or offering for sale the Accused Instrumentalities and providing instruction manuals, advertisement of the infringing features, and support for the Accused Instrumentalities have induced and continues to induce Defendant's resellers and end users to use the Accused Instrumentalities in its normal and customary way to infringe claims 1, 2, 3, 4, and 10 of the '033 Patent.

29. Through its making, selling, and/or offering for sale the Accused Instrumentalities, Defendant specifically intends that its resellers and end-users directly infringe 1, 2, 3, 4, and 10 of the '906 Patent. Defendant has had knowledge of the '906 Patent since the filing of the original complaint and actually induces others, such as resellers and end-use customers, to directly infringe

by using, selling, supplying, and or distributing the Accused Instrumentalities within the United States.  Defendant is aware since at least the filing of the original complaint that such actions would induce actual infringement.  Furthermore, Defendant remains aware that these normal and customary activities would infringe the '906 Patent.

30. For example, in connection with the sale and/or offering for sale of the Accused Instrumentalities, Defendant provides manuals and support to resellers and end-use customers regarding the user and operation of the Accused Instrumentalities.  Specifically, Defendant provides manuals and support, see, *e.g.*, kmbsmanuals.konicaminolta.us/c554e/contents/id06-_101378981.html.  When end-users follow such instructions and support, they directly infringe the '906 Patent.  Defendant knows or should have known that by providing such instructions and support, resellers and end-use customers follow these instructions and support and directly infringe the '906 Patent.

31. Accordingly, Defendant has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '906 Patent and with the knowledge or willful blindness to the fact that the induced acts would constitute infringement.

**JURY DEMAND**

OpenPrint hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

OpenPrint requests that the Court find in their favor and against Defendant, and that the Court grant OpenPrint the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     Judgment that Defendant accounts for and pay to OpenPrint all damages and costs incurred by OpenPrint, caused by Defendant's infringing activities and other conduct complained of herein;

c.     That OpenPrint be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d.     That this Court declare this an exceptional case and award OpenPrint reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

e.     That OpenPrint be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED October 4, 2017.

Respectfully submitted,
By: /s/ *Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 310
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF OPENPRINT LLC**